# **<u>EXHIBIT A</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (BLS) |
| Remaining Debtors. | (Jointly Administered) |
| | |
| MICHAEL GOLDBERG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*, | Adv. Proc. No. 19-50854 (BLS) |
| Plaintiff, | |
| v. | |
| PEACHTREE AVIATION, SERVICES, LLC | |
| Defendant. | |

### FOURTH STIPULATION TO EXTEND
### DEADLINE TO RESPOND TO ADVERSARY COMPLAINT

This *Fourth Stipulation to Extend Deadline to Respond to Adversary Complaint* (the "Stipulation") is made as of July 22, 2020, by and among plaintiff Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust (the "Trustee"), and defendant Peachtree Aviation Services, LLC ("Peachtree" and, together with the Trustee, the "Parties").

### RECITALS

**WHEREAS,** on November 19, 2019, the Trustee filed a complaint [Adv. D.I. 1] in the above-captioned adversary proceeding against Peachtree Aviation, Inc.;

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

{1288.001-W0062370.}

**WHEREAS,** on April 2, 2020, the Trustee filed the first amended complaint (the "<u>FAC</u>") [Adv. D.I. 7] in the above-captioned adversary proceeding against Peachtree;

**WHEREAS,** On April 2, 2020, that certain *Amended Summons and Notice of Pretrial Conference in an Adversary Proceeding* [Adv. D.I. 8] (the "<u>Summons</u>") was issued, stating that the deadline for Peachtree to answer, move or otherwise respond to the FAC is thirty (30) days from the issuance of the Summons (May 4, 2020) (the "<u>Response Deadline</u>");

**WHEREAS,** the Court has approved a series of stipulations wherein the Parties have agreed to extend Peachtree's Response Deadline. *See* Adv. D.I. 11, 13, 15.

**WHEREAS,** the Parties have agreed, as set forth herein, that the Response Deadline shall be further extended to August 7, 2020;

**NOW, THEREFORE,** in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties, intending to be legally bound, hereby stipulate and agree as follows:

<u>**STIPULATION**</u>

1.      The Parties further agree that notwithstanding anything to the contrary in the Summons or prior orders of the Court, Peachtree's Response Deadline is hereby extended to August 7, 2020, which may be further extended by court order.

2.      This Stipulation constitutes the entire agreement and understanding between the Parties with respect to the subject matter hereof.  The terms of this Stipulation may not be changed, amended, modified, or altered except by written agreement signed by each of the Parties or confirming emails exchanged by counsel to the Parties.

3.      The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

4.      The Parties have cooperated in the drafting and preparation of this Stipulation. Therefore, in any construction to be made of this Stipulation, the Stipulation shall not be construed for or against any Party on that basis.

5.      This Stipulation shall be governed by and construed in accordance with the United States Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof.

6.      This Stipulation may be executed in any number of counterparts, and each such counterpart is to be deemed an original for all purposes, but all counterparts shall collectively constitute one agreement.  Further, electronic signatures or transmissions of an originally signed document by facsimile or electronic mail shall be as fully binding on the Parties as an original document.

7.      The Bankruptcy Court shall have and retain jurisdiction to resolve any disputes or controversies arising from, in connection with, or related to this Stipulation.


*[Remainder of page intentionally left blank]*

8.     Notwithstanding the possible application of any Federal Rule of Bankruptcy Procedure to the contrary, the Order approving this Stipulation shall be in full force and effect upon its entry.

Dated: July 22, 2020

**LANDIS RATH & COBB LLP**

*/s/ Jennifer L. Cree*
Kerri M. Mumford (No. 4186)
Jennifer L. Cree (No. 5919)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450
Email: mumford@lrclaw.com
          cree@lrclaw.com

-and-

**SMITH GAMBRELL & RUSSELL, LLP**
Brian P. Hall
1230 Peachtree St., N.E.
Promenade, Suite 3100
Atlanta, GA 30309
Telephone:  (404) 815-3537
Facsimile:  (404) 685-6837
Email:  bhall@sgrlaw.com

*Counsel to Peachtree Aviation Services, LLC*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Colin R. Robinson*
Andrew W. Caine (CA Bar No. 110345)
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-4100
Fax: (302) 652-4400
Email: acaine@pszjlaw.com
          bsandler@pszjlaw.com
          crobinson@pszjlaw.com

*Counsel to Plaintiff Michael Goldberg in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust*